I MAMES F. McKAY, III, Judge.
The plaintiff, Yolanda Duplessis, appeals a judgment of the Office of Worker’s Compensation rendered in favor of the defendant, Orleans Parish School Board. We affirm.
FACTS AND PROCEDURAL HISTORY
On October 17, 1984, Yolanda Duplessis was rear-ended at a red light while she was en route to Fortier High School to conduct counseling sessions with two students. Ms. Duplessis sustained a cervical spine injury as a result of this accident. Her employer, the Orleans Parish School Board, paid her workers’ compensation benefits along with medicals she incurred from this injury.
Ms. Duplessis discontinued her employment with the Orleans Parish School Board in 1990. On May 19, 1991, while she was employed by the State of Louisiana Office of Children’s Services, Ms. Du-plessis injured her lower back when she had to lift three children into a van at work. Ms. Duplessis later moved to Georgia to pursue her career as a counselor. After Ms. Duplessis moved to Georgia she continued to be treated periodically for her lower back pain; thi^?, treatment was acknowledged as compensable and was authorized by the Orleans Parish School Board into the early part of 2000. On September 10, 2000, Ms. Duplessis twisted her lower back when an elevator malfunctioned at the Georgia Academy for Children where she was employed.
After the September 10, 2000 injury the Orleans Parish School Board stopped paying Ms. Duplessis’ medical bills. Thereupon, Ms. Duplessis filed a disputed claim with the Office of Worker’s Compensation. The case was tried on December 14, 2001. On February 13, 2002, the trial court rendered judgment, finding that the injury sustained by the claimant on September 10, 2000 “is not the liability of the defendant/employer herein.” Ms. Duplessis filed a motion for a new trial which the trial court denied on August 22, 2002. Ms. Duplessiss now appeals to this Court.
DISCUSSION
On appeal, Ms. Duplessis raises the following assignments of error: 1) the trial court erred in failing to find that the September 10, 2000 injury was a compensable aggravation of the 1984 low back injury; and 2) the trial court erred in failing to award penalties and attorney’s fees for the school board’s failure to pay uncontested mileage expenses.
The first issue that must be addressed on appeal is whether or not the trier of fact committed manifest error in its ruling at trial. The Louisiana Supreme Court has determined that an employer is not liable or required to pay for medical treatment to address any unrelated medical event, which worsened the plaintiffs’ | oinedical condition. Miller v. Roger Miller Sand, Inc., 94-1151 (La.App.11/30/94), 646 So.2d 330, 334. In the instant case, Ms. Duplessis sustained a work injury on September 10, 2000, which significantly intensified her chronic pain and disabled her from her employment. Her treating physicians, Drs. Mark Murphy and Robert Naguszewski, provided her with medical treatment to address her complaints of lumbar pain, pain in her lower extremities and generalized back pain. However, on January 29, 2001, Ms. Duplessis testified that she sustained only a cervical spine injury in her 1984 work accident.[1] Fur *793 thermore, Ms. Duplessis produced no medical evidence, which demonstrated a causal connection between her L5-S1 disc injury and the work injury of 1984. The trial court found that the Orleans Parish School Board bears no liability for any injuries stemming from the September 10, 2000 accident. Based on the record before this Court, we find nothing manifestly erroneous or clearly wrong with this finding.
As we have found no error in the trial court’s finding that the school board is not liable for Ms. Duplessis’ medicals or compensation benefits related to her injury of September 10, 2000, we must disagree with Ms. Duplessis’ contention that the trial court erred in failing to award penalties and attorney’s fees for the school board’s failure to pay uncontested mileage expenses.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. This testimony was from Ms. Duplessis’ deposition taken in connection with her State of Georgia's Workers’ Compensation claim.